UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

ADAM W. TRACEY,

    Plaintiff,

V.

WAYNE COUNTY DETENTION CENTER, *et al.*,

    Defendants.

Civil Action No. 6:18-cv-300-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

*Pro se* plaintiff Adam Tracey claims, among other things, that he received negligent medical care after a fellow inmate started a fire at the Wayne County Detention Center and Tracey was exposed to the smoke. Tracey has been granted pauper status and his complaint is now before the Court for initial screening. Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss any portion of Tracey's complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, Tracey's civil rights complaint fails to state a claim upon which relief may be granted, and this action will be dismissed.

In his complaint, Tracey states that in or around May 2017 when he was confined at the Wayne County Detention Center, an inmate housed across from him in a four-person solitary confinement area started a fire in his cell. [R. 1 at 2.] Although the complaint suggests Tracey was eventually evacuated, Tracey alleges a variety of ongoing health problems due to the smoke exposure he suffered as a result of the fire. Tracey claims that he was not promptly evaluated by medical professionals after the fire, and he further claims that he still suffers from breathing problems, panic attacks, and nightmares. [*Id.* at 3-4.] Although Tracey uses the Court's standard

civil rights complaint form in this action, Tracey never refers to 42 U.S.C. § 1983 or any particular constitutional right that was violated. Instead, in response to the form's question regarding which rights Tracey feels have been abridged, Tracey alleges "[g]eneral negligence, medical negligence, intentional infliction of emotional distress and cruel [and] unusual punishment." [R. 1 at 5.] Construing Tracey's complaint with the liberality afforded to *pro se* plaintiffs, the Court finds that Tracey's reference to "cruel [and] unusual punishment" constitutes a claim for a violation of his Eighth Amendment rights. The Court further finds that Tracey's other references to general negligence, medical negligence, and intentional infliction of emotional distress allege violations not of his federal constitutional rights but, rather, Kentucky tort law.

The Court first addresses Tracey's construed claim that his rights under the Eighth Amendment to the United States Constitution were violated when the defendants failed to provide him with adequate medical care. In order to state a cognizable Eighth Amendment claim for inadequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to the plaintiff's serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such a claim involves a two-part inquiry with both an objective and a subjective component: (1) the plaintiff must allege a sufficiently serious medical need, and (2) the plaintiff must allege facts that "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (quoting *Comstock v. McCrary*, 273 F.3d 693, 607 (6th Cir. 2001)). Notably, allegations of medical negligence do not rise to the level of an Eighth Amendment violation. *See, e.g., Comstock*, 273 F.3d at 703.

Here, even if the Court assumed that the smoke exposure suffered by Tracey was a serious medical need, Tracey has not alleged that any of the defendants deliberately ignored his objectively

2

serious need for treatment. Tracey's complaint, at best, states a claim for medical negligence on the part of the defendants, which is not enough to recover damages for a constitutional violation under 42 U.S.C. § 1983. Indeed, the Sixth Circuit Court of Appeals has made clear that "the requirement that the official have subjectively perceived a risk of harm and then disregarded it is meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment." *Johnson,* 398 F.3d at 875 (quoting *Comstock*, 273 F.3d at 703). Because Tracey's complaint does not allege the necessary elements of an Eighth Amendment claim, his cruel and unusual punishment claim against the defendants is appropriately dismissed at the screening stage. Tracey has failed to state an Eighth Amendment claim upon which relief may be granted, and the Prison Litigation Reform Act therefore provides for dismissal of that claim. *See* 28 U.S.C. § 1915(e)(2)(B).

The remaining allegations in Tracey's complaint reference general negligence, medical negligence, and intentional infliction of emotional distress—all violations of Kentucky tort law, not federal constitutional law. The Court reaches no conclusion as to any state law medical malpractice, negligence, or other tort claims Tracey may wish to assert. Instead, the Court will decline to exercise its supplemental jurisdiction over any such claims, as this Court has no independent basis for jurisdiction over those claims aside from the dismissed Eighth Amendment claim. *See* 28 U.S.C. § 1367(c)(3); *Musson Theatrical, Inc. v. Fed. Exp. Corp*., 89 F.3d 1244, 1255 (6th Cir. 1996) ("After a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims.").

Accordingly, the Court hereby **ORDERS** as follows:

1. Tracey's claim for a violation of his Eighth Amendment right to be free from cruel and unusual punishment is **DISMISSED WITH PREJUDICE**;

2. Any state law claims Tracey wishes to assert in this action are **DISMISSED WITHOUT PREJUDICE**;

3. This matter is **DISMISSED** and **STRICKEN** from the Court's active docket; and

4. Judgment shall be entered contemporaneously herewith.

Dated December 11, 2018.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY